UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

INDIGO INVESTMENT GROUP,

    PLAINTIFF,

v.

TONY DEROSA-GRUND AND SONJA E. DEROSA-GRUND,

    DEFENDANTS.

**COMPLAINT**

CASE NO. 22-cv____

Plaintiff Indigo Investment Group, an association comprised of entity and individual investors ("Plaintiff"), by and through undersigned counsel, for their Complaint against Defendants Tony DeRosa-Grund ("DeRosa-Grund") and Sonja E. DeRosa-Grund ("Sonja DeRosa-Grund") (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a group of Investors comprised of entities and individuals (each an "Investor" and, collectively, the "Investors") who in total invested $1,585,000.00 (each an "Investor's Funds" and, collectively, the "Investors' Funds") pursuant to a private securities offering (the "Private Offering") made by INDIGO Token Company LLC, a Wyoming limited liability company that was formed on August 26, 2021, and, as of August 2, 2022, was the subject of a tax delinquency notice filed by the State of Wyoming ("INDIGO").

2. Pursuant to the Private Offering and in consideration of each Investor's tender of his or its Investor's Funds, each Investor received a pre-determined, specific amount of crypto coins identified as "NDGO Tokens," issued from the INDIGO platform for trading on a crypto exchange, as well as equity in two companies, PRTX Labs LLC, a Wyoming limited liability

company that was formed on November 27, 2020, and INDIGO, owned by the DeRosa Grund Family Trust (the "Trust"), James R. Preissler (FINRA CRD#; 2628997) ("Preissler") and James Fellus ("Fellus") (the "Indigo Investment").

3. Plaintiff Indigo Investment Group is comprised of the following members: Apollo Management Group, Inc. ("Apollo"); Arthur Bronfman ("Bronfman"); Gerry Czarnecki ("Czarnecki"); Ariel Gorelik ("Gorelik"); Eddie Gozker ("Gozker"); M2B Funding Corp. ("M2B"); and Dmitriy Shpuntov ("Shpuntov").

4. Pursuant to the terms of the Private Offering and (i) promised explicitly by each of DeRosa-Grund and Preissler and (ii) ostensibly confirmed by INDIGO in its Form D, Notice of Exempt Offering of Securities that Preissler executed by Preissler on behalf of INDIGO and filed with United States Securities and Exchange Commission (the "SEC") on December 29, 2021 ("Form D"), and (iii) by their FINRA-regulated Broker Tritaurian Capital, Incorporated (FINRA CRD#: 45500; SEC File number: 8-51062) ("Tritaurian Capital"), and (iv) by INDIGO's counsel, Mary G. Bielaska, an attorney licensed in the State of New York (New York Attorney Registration #2122679) ("Bielaska, Esq."), the Investors' Funds would remain in an attorney's trust account until the Form D was filed and the Investors could trade the INDIGO crypto coins on a public exchange.

5. On September 27 and September 28, 2021, Plaintiff (through each of the Investors), as directed, transferred the Investors' Funds to the trust account of John Carrino, an attorney licensed in the State of New Jersey (New Jersey Attorney ID #028112002), located at the Law Offices of John Carrino, 53 Old Turnpike Road, PO Box 54, Oldwick, New Jersey 08858 ("Carrino, Esq.").

6. Defendants, among others, intentionally did not disclose to Carrino, Esq. the nature and origin of the Investors' Funds that he was holding in his attorney trust account, and purposely led Carrino, Esq. to believe that the Investors' Funds were funds belonging only to the Defendants in their individual capacities.

7. As a result and as Defendants directed, Carrino, Esq. transferred the Investors' Funds out of his attorney trust account within one or two days after the Investors' Funds were deposited therein by each Plaintiff member, directing the Investors' Funds to a Title Company involved in Defendants' purchase in the name of Sonja DeRosa-Grund of a parcel of real property located at 174 Fitzer Road, Frenchtown, New Jersey 08825 ("Fitzer Road Property").

8. The deed ("Deed") for the Fitzer Road Property was signed by the seller on July 19, 2020. The closing for the purchase of the Fitzer Road Property by Defendants occurred on September 28, 2021, and the Deed was recorded on November 24, 2021. The title to the Fitzer Road Property is in the name of "Sonja E. DeRosa-Grund."

9. The total purchase price for the Fitzer Road Property was approximately $1,780,000. All of the Investors' Funds were used for the purchase of the Fitzer Road Property.

10. Carrino, Esq. was acting at the direction of Defendants and the transfer of the Investors' Funds was made for Defendants' personal use having nothing to do with the agreed-upon Indigo Investment and contrary to the terms of the Private Offering and DeRosa-Grund's promises and representations.

11. Defendants acted without authorization from, or giving notice to, Plaintiff or any of the Investors and in contravention of Defendants' representations, promises and duties owed to Plaintiff and to each of the Investors.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331(a)(1). Plaintiff's damages exceed the sum or value of $75,000.00, exclusive of interest and costs. In addition, this action is between citizens of different States.

13. Plaintiff Indigo Investment Group is comprised of the Investors listed below in paragraphs 14-20.

14. Apollo Management Group, Inc., is a Florida corporation with its principal place of business at 7050 Aloma Avenue, Winter Park, Florida 32792.

15. Arthur Bronfman is an individual residing in Miami, Florida.

16. Gerry Czarnecki is an individual residing in Boca Raton, Florida.

17. Ariel Gorelik is an individual residing in Sunny Isles, Florida.

18. Eddie Gozker is an individual residing in Glen Head, New York.

19. M2B is a Florida corporation with its principal place of business at 20801 Biscayne Blvd., Suite 307, Aventura, Florida 33180.

20. Dimitriy Shpuntov is an individual residing in Aventura, Florida.

21. Tony DeRosa-Grund is an individual residing at 1919 Rebecca Lane, Unit H8, Houston, Texas 77090 and 923 High Meadow Ranch Drive, Magnolia, Texas 77355 or, alternatively at the Fitzer Road Property: 174 Fitzer Road, Frenchtown, New Jersey 08825.

22. Sonja E. DeRosa-Grund is an individual residing, and the owner of the Fitzer Road Property located, at 174 Fitzer Road, Frenchtown, New Jersey 08825.

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). Defendants reside in this judicial district and did business within this judicial district. Further, the Fitzer Road Property, which was purchased with the Investors' Funds, is located in this judicial district.

## FACTUAL BACKGROUND

24. In late summer 2021, Fellus introduced DeRosa-Grund to the Investors.

25. DeRosa-Grund and Preissler, over the course of multiple conference calls and meetings, informed the Investors that DeRosa-Grund had developed a proprietary blockchain technology that was licensed to and controlled by INDIGO, a Wyoming limited liability company with its principal place of business at 30 North Gould Street, Suite R, Sheridan, Wyoming 82801.

26. In September 2021, DeRosa-Grund informed the Investors that INDIGO was launching the coin technology onto a trading platform and would be selling crypto coins for trading on the trading platform.

27. DeRosa-Grund further represented to the Investors that numerous people had committed millions of dollars to purchasing INDIGO crypto coins from INDIGO and to making investments in INDIGO and that, if the Investors wanted to participate, their funds had to be transferred immediately.

28. DeRosa-Grund and Preissler each championed Preissler's expertise as a licensed broker-dealer acting on behalf of Tritaurian Capital, where Preissler is a managing member.

29. DeRosa-Grund and Preissler each represented that the Investors' Funds would remain in escrow in an attorney trust account until the Investors could trade their crypto coins on a public exchange and further represented that a Form D was being filed immediately with the SEC.

30. DeRosa-Grund and Preissler each also emphasized that Preissler had a special license with the Financial Industry Regulatory Authority, Inc. ("FINRA") to handle investments in the crypto market.

31. On or about September 27, 2021 and September 28, 2021, and, with regard to Czarnecki, on November 23, 2021, following additional communications with DeRosa-Grund and others associated with INDIGO, Plaintiffs transferred a total of $1,585,000 to the attorney trust account of Carrino, Esq., for safe-keeping in the escrow account that he established and controlled.

32. The Investors transferred their funds in reliance upon the express promises, *inter alia*, that the Investors' Funds would remain in escrow in Carrino, Esq.'s attorney trust account until the Form D was filed and the Investors could trade the INDIGO crypto coins on a public exchange.

33. The Investors' Funds included $275,000.00 invested by Apollo; $150,000.00 invested by Bronfman; $150,000.00 invested by Czarnecki; $260,000.00 invested by Gorelik; $200,000.00 invested by Gozker; $500,000.00 invested by M2B; and $50,000.00 invested by Shpuntov.

34. Despite the promises and representations by each of DeRosa-Grund and Preissler that the Form D would be filed with the SEC imminently and contemporaneously with the Indigo Investment, the Form D was not filed for another three months, until December 29, 2021.

35. When it was filed, the Form D contained several misrepresentations and falsities.

36. The Form D has never been amended.

37. The Form D represented that the "Proceeds are being held at this time in an attorney trust account." The Proceeds included the Investors' Funds.

38. The representation in the Form D regarding the Investors' Funds being held in "an attorney trust account" (*i.e.*, the attorney trust account of Carrino, Esq.) paralleled promises and representations made by each of DeRosa-Grund and Preissler, and, later, by Bielaska, Esq., that the Investors' Funds would remain in escrow in Carrino, Esq.'s attorney trust account until the Investors could trade the INDIGO crypto coins on a public exchange.

39. On February 2, 2022, Carrino, Esq. admitted that he had "released on behalf of Tony Derosa-Grund [sic]" the Investors' Funds to DeRosa-Grund "on or about **the same day of receipt**" of the Investors' Funds (emphasis added). The dates of the releases of the Investors' Funds, approximately September 28, 2021 and November 23, 2021, **preceded** the filing of the Form D by over **three months** and one month, respectively.

40. DeRosa-Grund later admitted that all of the Investors' Funds had been moved out of the escrow from Carrino, Esq.'s attorney trust account at that time.

41. Further, Bielaska, Esq. confirmed as early as February 2022 what she previously knew or should have known, that the Investors' Funds were not being maintained in escrow in Carrino, Esq.'s attorney trust account, as promised, and as Bielaska, Esq. had represented in the Form D that she prepared for INDIGO and caused to be filed on its behalf with the SEC. Despite knowing that the Investors' Funds had been transferred out of the escrow from Carrino, Esq.'s attorney trust account, Bielaska, Esq. did not inform Plaintiff or any of the Investors, or the SEC, even though she had multiple conversations with the Investors and their representatives in which she contended that the Investors' Funds in fact were being maintained in escrow in Carrino, Esq.'s attorney trust account.

42. The representation that the Investors' Funds were being held in an escrow as of the filing of the Form D with the SEC and would remain in an escrow account until the Investors

could trade the INDIGO coins on a public exchange was not the only inaccuracy, misrepresentation and falsehood.

43. In contrast to DeRosa-Grund's representations that multiple other investors had invested "millions of dollars" in INDIGO, the Form D disclosed that the aggregate investment in INDIGO was only $1.9 million, meaning that the Investors had purchased approximately all but $315,000 of the securities that INDIGO had sold.

44. The Form D also represented that Fellus was a Promoter for INDIGO. Fellus subsequently denied to the Investors that he ever provided Bielaska, Esq. or anyone else permission to identify him as Promoter, that he was not a Promoter of Indigo, and, indeed, did not know he had been identified as Promoter in the Form D until informed by the Investors.

45. In violation of her duties and responsibilities, Bielaska, Esq., upon information and belief, performed little or no State Blue Sky due diligence before filing the Form D and failed in her duty to assure that the Investors' Funds were held in escrow in Carrino, Esq.'s attorney trust account at the time of the filing of the Form D with the SEC.

46. The Form D does not identify DeRosa-Grund in any manner as being associated with INDIGO (whether as an officer, director, or promotor) and, for that as well as other reasons, he had no right for any reason to receive, control or otherwise handle any of the Investors' Funds.

47. On or about March 29, 2022, Bielaska, Esq., acting on behalf of DeRosa-Grund, and purportedly acting on behalf of INDIGO, drafted an agreement between INDIGO and Plaintiff to return the Investors' Funds and to release INDIGO, PRTX, a third entity known as INDIGO Chain LLC, a Wyoming limited liability company, and all persons purportedly associated with the released entities, including, Defendants. Both DeRosa-Grund and Preissler,

who executed the formal agreement to return the Investors' Funds, explicitly promised that all of the Investors' Funds would be returned.

48.  To date, none of the Investors' Funds has been returned.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### (Fraud and Fraud in the Inducement)

49.  Plaintiff realleges paragraphs 1 through 48 as if fully set forth herein.

50.  Plaintiff relied on DeRosa-Grund's promises and representations, including that the Investors' Funds would remain in an escrow in an attorney trust account up until the time the Investors could trade the INDIGO crypto coins on a public exchange.

51.  DeRosa-Grund expected Plaintiff and the Investors to rely on his statements, representations and promises.

52.  Three months before the Form D was filed, DeRosa-Grund effectuated the transfer of all of the Investors' Funds directly or indirectly to Defendants for their own personal use and, specifically, for the purchase of the Fitzer Road Property.

53.  DeRosa-Grund knew his statements were false when he made them and used his misrepresentations to induce Plaintiff into purchasing the INDIGO securities in the Private Offering.

54.  Plaintiff suffered damages in an amount to be determined at trial but no less than $1,585,000.00.

## SECOND CLAIM FOR RELIEF
### (Negligent Misrepresentation)

55.  Plaintiff realleges paragraphs 1 through 48 as if fully set forth herein.

56.  Plaintiff justifiably relied on DeRosa-Grund's promises and representations, including that the Investors could trade the INDIGO crypto coins on a public exchange.

57. DeRosa-Grund expected Plaintiff and the Investors to rely on his statements, representations and promises.

58. DeRosa-Grund made the false statements without exercising reasonable care or with the knowledge that he did not know whether they were true or false.

59. Plaintiff suffered damages in an amount to be determined at trial but no less than $1,585,000.00.

## THIRD CLAIM FOR RELIEF
### (Conversion)

60. Plaintiff realleges paragraphs 1 through 48 as if fully set forth herein.

61. Plaintiff purchased the INDIGO securities in the Private Offering due to DeRosa-Grund's and others' misrepresentations.

62. Plaintiff and the Investors have demanded that Defendants return the Investors' Funds to Plaintiff.

63. To date, none of the Investors' Funds has been returned.

64. Plaintiff has been deprived of $1,585,000.00 of its money.

65. Plaintiff has suffered damages in an amount to be determined at trial, but no less than $1,585,000.00.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

66. Plaintiff realleges Paragraph 1 through 48 as if fully set forth herein.

67. Pursuant to the solicitations for the Indigo Investment, and the promises and representations of DeRosa-Grund and others, the Investors purchased the INDIGO securities in the Private Offering in the aggregate amount of $1,585,000.

68. Defendants thereafter, without right or entitlement, were unjustly enriched when they failed to provide the consideration agreed upon and promised.

69. To prevent Defendants from being unjustly enriched, Plaintiff is entitled to recover all monies paid by the Investors.

70. Plaintiff has suffered damages in an amount to be determined at trial but no less than $1,585,000.00.

## FIFTH CLAIM FOR RELIEF
### (Promissory Estoppel)

71. Plaintiff realleges paragraphs 1 through 48 as if fully set forth herein.

72. For several weeks and month prior to and including September 27, 2021, DeRosa-Grund promised the Investors, among other things, that the Investors' Funds would be used to purchase INDIGO crypto coins and, that until such times as the Investors could trade the INDIGO crypto coins on a public exchange, all of the Investors' Funds would remain in escrow in Carrino, Esq.'s attorney trust account.

73. DeRosa-Grund made this promise to induce the Investors to invest over $1.5 million dollars in the purchase of the INDIGO securities in the Private Offering.

74. DeRosa-Grund knew or should have known that Plaintiff and the Investors would rely on his promises and representations.

75. Defendants breached DeRosa-Grund's promises and representations by taking without authorization or right the Investors' Funds out of escrow and for Defendants' own use.

76. Defendants' breach of promises will result in an injustice unless the Investors' Funds are returned to Plaintiff.

77. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be determined at trial but no less than $1,585,000.00.

## SIXTH CLAIM FOR RELIEF
(Accounting)

78.     Plaintiff reallege paragraphs 1 through 48 as if fully set forth herein.

79.     Defendants were obligated by law to maintain complete and accurate records of their operation and of all their transactions, including financial transactions.

80.     During the course of the Indigo Investment, Defendants have engaged in multiple financial transactions involving Investor Fees and certain self-dealing transactions.

81.     Defendants have not provided records of transfers, distribution, use of funds, or other statements of account justifying and reflecting the transfer of the Investors' Funds from escrow in Carrino, Esq's attorney trust account despite due requests by Plaintiff to produce such information.

82.     Defendants have failed and otherwise refused to make available Defendants' books and records for inspection notwithstanding requests by Plaintiff to produce such information.

83.     Absent an accounting, Plaintiff cannot determine the extent to which the Investors' Funds have been misused or misappropriated.

84.     By their nature, the books and records of the accounts of Defendants, which identify the receipt and distribution of Investors' Funds, are complex and complicated, and cannot be evaluated without a formal accounting.

85.     No legal remedy can be adequately quantified for Plaintiff and the Induvial Investors in the absence of an accounting.

86.     Wherefore, Plaintiff and the Individual Investors are entitled to an accounting of DeRosa-Grund's and the Trust's records and bank and financial accounts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a trial by jury and seeks judgment as follows:

1. Ordering that Defendants immediately produce to Plaintiff all records of transfers, distribution, use of funds, or other statements of account from September 1, 2021 through the present and provide an Accounting of Defendants' records and bank and financial accounts;

2. Awarding Plaintiff damages, including civil penalties and compensatory, exemplary and punitive damages, in an amount to be determined at trial;

3. Awarding Plaintiff pre-judgment and post-judgment interest;

4. Awarding Plaintiff its costs, expenses and attorney's fees incurred in connection with this action; and

5. Awarding Plaintiff such other relief as this Court deems just and proper.

Dated: September 12, 2022              Respectfully submitted,

**CLARK HILL PLC**

/s/ Andrew P. Carroll
Andrew P. Carroll
210 Carnegie Center, Suite 102
Princeton, NJ 08540
T: (609) 785-2923
F: (609) 785-2999
apcarroll@clarkhill.com

Peter R. Ginsberg (*pro hac vice admission pending*)
**MOSKOWITZ & BOOK, LLP**
345 Seventh Avenue, 21st Floor
New York, NY 10021
T: (212) 221-7999
F: (646) 833-1657
prginsberg@mbllp.com
*Counsel for Plaintiff*