**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INDIGO INVESTMENT GROUP,<br><br>Plaintiff,<br><br>v.<br><br>TONY DEROSA-GRUND and SONJA E. DEROSA-GRUND,<br><br>Defendants. | Civil Action No. 22-05498 (GC) (RLS)<br><br>**MEMORANDUM OPINION**<br><br>**TO BE FILED<br>TEMPORARILY UNDER SEAL**[1] |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendants' objection to the May 10, 2024 Report & Recommendation (R&R) of the United States Magistrate Judge and two subsequent motions: (1) Defendants' Motion to Compel Arbitration and Stay Proceedings and (2) Defendants' Motion to Vacate Dismissal Order and Settlement Agreement. (ECF Nos. 75, 81, 85, 95.) The parties briefed Defendants' objection to the R&R and Motions. (ECF Nos. 84, 86, 97, 98, 99, 104, 105, 106.) The Court has carefully considered the parties' submissions and decides the objection and Motions without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Court **ADOPTS** the R&R in full and **DENIES** Defendants' Motions.

---

[1] This Memorandum Opinion is filed under temporary seal, pending an appropriate motion to seal, because the parties have filed their submissions in connection with the pending objection and motions under seal. (*See* ECF Nos. 81, 84, 86, 95, 97, 98, 99, 104, 105.) To maintain this Memorandum Opinion under seal, the parties shall file within seven (7) days of the entry of this Memorandum Opinion an appropriate motion to seal that complies with Local Civil Rule 5.3

I.     **BACKGROUND**

The Court presumes the parties' familiarity with the underlying facts, which are set forth in greater detail in the R&R. (ECF No. 75 at 2-8.) This case was initiated in September 2022 by Plaintiff Indigo Investment Group, an association comprised of several entity and individual investors, against Defendants Tony DeRosa-Grund and Sonja E. DeRosa-Grund.[2] (ECF No. 1.) Plaintiff alleged that the investors were induced in September 2021 to transfer $1,585,000.00 to an attorney trust account for safekeeping as part of a desired investment in "a proprietary blockchain technology" that Mr. DeRosa-Grund had allegedly "developed." (*Id.* ¶¶ 25, 31.) Plaintiff alleged that Defendants improperly used those investment funds to purchase a property on Fitzer Road in Frenchtown, New Jersey, for approximately $1,780,000.00. (*Id.* ¶¶ 7-11.) Plaintiff asserted common law claims for fraud and fraud in the inducement, negligent misrepresentation, conversion, unjust enrichment, promissory estoppel, and accounting. (*Id.* ¶¶ 49-86.)

Before any response to the Complaint was filed, the parties notified the Court that they had settled the case and intended to file a confidential Settlement Agreement under seal. (ECF No. 5.) The parties filed the operative Amended and Restated Settlement Agreement on June 9, 2024. (ECF No. 18.) Pursuant to the Settlement Agreement, the parties agreed to settle this case, along with another litigation commenced by Plaintiff in the United States District Court for the Southern District of Florida. (ECF No. 18 at 5.) Following a conference with the parties, the Court entered a Dismissal Order on June 29, 2023. (ECF No. 23.) The Dismissal Order states that the Court would retain jurisdiction over the matter "until the obligations provided for" in the settlement

---

[2]     Subject-matter jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1331(a).

"have been met and completed," which the "parties anticipate[d]" would be "by December 2023." (*Id.*)

Less than a month later, on July 18, 2023, Plaintiff moved to enforce the Settlement Agreement. (ECF Nos. 25 & 26.) Plaintiff argued that Defendants had failed to comply with the terms of the settlement, including failing to deliver a fully executed and notarized deed for the Fitzer Road property, failing to deliver an executed confession of judgment, and failing to deliver an executed patent security agreement. (*See generally* ECF No. 26.)

Following several filings and adjournments by the parties, the Magistrate Judge entered an Order on November 7, 2023, directing Plaintiff to file its Amended Motion to Enforce Settlement Agreement and setting a briefing schedule on the Motion. (ECF No. 37.) Plaintiff filed its Amended Motion to Enforce on November 28, 2023, Defendants opposed on January 8, 2024, and Plaintiff replied on January 16, 2024. (ECF Nos. 49 & 53.)

In opposing Plaintiff's Motion to Enforce, Defendants argued that they had been fraudulently induced to enter into the Settlement Agreement. (*See* ECF No. 49.) Specifically, they argued that they were unaware that a Financial Industry Regulatory Authority (FINRA) complaint against Jim Preissler, the non-party CEO of Indigo Token Company LLC, mentioned Defendant Tony DeRosa-Grund. (*Id.* at 5.)

On May 10, 2024, the Magistrate Judge issued the R&R in which she recommended that the Court grant in part and deny in part Plaintiff's Motion to Enforce. (ECF No. 75.) The Magistrate Judge concluded that the parties' Settlement Agreement "reflects a meeting of the minds as to all material terms." (*Id.* at 10.) In support, the Magistrate Judge reasoned that: (1) Defendants had not shown by clear and convincing evidence that "Plaintiff fraudulently induced them to enter into the Settlement Agreement"; (2) Defendant could not establish "that they were

3

coerced into entering into the Settlement Agreement"; and (3) Defendants' complaints of forum shopping were insufficient to void the Settlement Agreement. (*Id.* at 10-13.) The Magistrate Judge also recommended that Plaintiffs be awarded attorneys' fees and costs, as provided in the Settlement Agreement. (*Id.* at 12.) Although Plaintiff sought additional relief, including that the Court appoint an "elisor,"[3] the Magistrate Judge recommended that such relief be denied as beyond the terms of the Settlement Agreement. (*Id.*)

On May 28, 2024, Defendants objected to the R&R. (ECF No. 81.) Then, on June 10, 2024, Defendants moved to compel arbitration and stay the proceedings. (ECF No. 85.) And on June 29, 2024, Defendants moved to vacate the Dismissal Order and Settlement Agreement. (ECF No. 95.)

In their objection to the R&R, Defendants contend that a number of issues became clear to them only after reading the R&R. (ECF No. 81 at 1.[4]) In particular, they argue that Plaintiff misled the Court by withholding two agreements, neither of which Defendants were signatories to. (*See id.* at 3.) The first is the Simple Agreement for Future Tokens (SAFT), which was entered into between Indigo Token Company LLC[5] and the individual and entity investors comprising Plaintiff-investment fund. (*Id.*) The SAFT is governed by Wyoming law, but it does not contain a forum selection or arbitration clause. (*See* ECF No. 81-3 at 2-7.) Defendants also rely on the Unwind

---

[3]   As explained by the Magistrate Judge, an elisor is "[a] person appointed by a court to assemble a jury, serve a writ, or perform other duties of the sheriff or coroner if either is disqualified." (ECF No. 75 at 5 n.8 (quoting Black's Law Dictionary (11th ed. 2019)).)

[4]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[5]   According to the Complaint, Defendant Tony DeRosa-Grund had allegedly been marketing an investment opportunity offered by Indigo Token Company LLC to the group of investors that ultimately formed Plaintiff Indigo Investment Group. (*See generally* ECF No. 1.)

4

Agreement, which was executed to unwind the purchase transaction contemplated by the SAFT. (ECF No. 81 at 5; ECF No. 81-4 at 1-13.) The Unwind Agreement contains a Wyoming choice of law clause, a forum selection clause designating that suits must be brought in Sheridan County, Wyoming, and an arbitration clause. (ECF No. 81-4 at 11-12.)

## II.  LEGAL STANDARDS

### A.  Rule 72(b)

"Within 14 days after being served with a copy of the recommended disposition [by a magistrate judge], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *Smith v. Speziale*, Civ. No. 06-4656, 2010 WL 2545164, at *1 (D.N.J. June 18, 2010) (finding that a motion to enforce a settlement seeking specific performance was dispositive and applying *de novo* review of the magistrate judge's R&R).

### B.  Rule 60(b)

Under Rule 60(b), the "court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 63(b)(2) and (3). A motion under Rule 60(b) must be made within a reasonable time," and when the motion is based on Rule 60(b)(1), (2), and (3), "no more

5

than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

To prevail on a motion under Rule 60(b)(2), the moving party must come forward with newly discovered evidence that is "[(1)] material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995). The Third Circuit has held that "[i]n order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 Fed. Appx. 109, 111 (3d Cir. 2011) (citing *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir.1960)).

### III.  DISCUSSION

Following Plaintiff's September 12, 2022 Complaint, Defendants had the opportunity to litigate this case on the merits (*e.g.*, by moving to dismiss, answering the Complaint, seeking discovery, and proceeding to trial if necessary). But Defendants instead chose to settle this matter and have not provided any basis for the Court to excuse them from performing under the Settlement Agreement.

First, the Court finds that the parties entered into a valid and enforceable agreement to settle this litigation. The Court will therefore affirm the Magistrate Judge's R&R enforcing the parties' Settlement Agreement by its terms (including by awarding Plaintiff their attorneys' fees and costs incurred in enforcing the Settlement Agreement). Second, for many of the same reasons it affirms the Magistrate Judge's R&R, the Court finds there is no good cause to vacate the Dismissal Order and the Settlement Agreement pursuant to Rule 60(b). Finally, having found that the parties settled this case, Defendants' Motion to Compel Arbitration will be denied as moot.

## A.  Defendants' Objection to the Magistrate Judge's R&R

In their brief in support of their objection to the Magistrate Judge's R&R, Defendants raise seventeen "gating issues," which they urge this Court to consider before reviewing their "specific objections." (ECF No. 81 at 4.) While a district court must review specific objections to an R&R *de novo*, it need not review general objections *de novo*. *See Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("Courts have held that a district court need not conduct a *de novo* determination if objections are . . . not specific. . . ."). For general objections, courts apply the "clear error" standard of review, and each objection need not be addressed separately. *See Evans v. White*, 2016 WL 6679835, at *2 (M.D. Pa. Nov. 14, 2016) ("[B]ecause [the plaintiff] is merely repeating arguments that were thoroughly addressed by the Magistrate Judge without making specific objections to the R&R, judicial economy demands they be reviewed for clear error only.").

By Defendants' own terms, the "gating issues" they outline are not specific objections, but rather general objections subject to a clear error standard. (*See* ECF No. 81 at 4 ("[W]e respectfully request the district court first resolve the gating issues before reviewing the report's substantive recommendations and our specific objections thereto.").) Many of Defendants' so-called "gating issues" go to the underlying merits of Plaintiff's claim. For example, Defendants now claim that Plaintiff lacks standing to bring suit against Defendant Sonja Derosa-Grund, (ECF No. 81 at 33), and that certain claims in Plaintiff's Complaint were "knowingly false," (*id.* at 19). Further, several of Defendants' "gating issues" relate to the fact that Plaintiff somehow "hid" documents and information from the Court, including documents that would have required the parties to arbitrate the case. (*See id.* at 2.)

Even if Defendants' arguments were ultimately meritorious, Defendants chose to settle this matter instead of defending the case on the merits. The Court's role now is to determine whether the Settlement Agreement between the parties is enforceable. (*See* ECF No. 23); *see also Burns v.*

7

*Lavender Hill Herb Farm, Inc.*, 2005 WL 1006321, at *3 n.15 (E.D. Pa. Apr. 28, 2005), *aff'd*, 167 F. App'x. 891 (3d Cir. 2006) ("A judgment that results from the parties' stipulation of settlement 'does not detract from its being considered a conclusive determination of the merits of that action for purposes of collateral estoppel where [ ] it is clear that the parties intended the stipulation of settlement and judgment entered thereon to adjudicate once and for all the issues raised in that action."). Construing these "gating issues" as general objections to the R&R, the Court finds no clear error. *See Henderson v. Keisling*, 386 F. App'x. 164, 166 (3d Cir. 2010) ("[T]here is no basis to challenge the District Court's review of the Magistrate Judge's R & R since only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court.").

Turning to Defendants' specific objections to the R&R,[6] the Court applies a *de novo* standard of review and will adopt the Magistrate Judge's R&R in full. Even where Defendants make specific objections, they often rely on a mistaken understanding of the law and facts.

*First*, Defendants raise multiple objections to the Magistrate Judge's recitation of the facts alleged in the Complaint. (*See, e.g.*, ECF No. 81-1 at 3 (objecting to recitation of factual allegation

---

[6] Defendants did not file a brief outlining their specific objections, but instead attached the R&R as an exhibit with their comments "interlineated" in red text throughout. (ECF No. 81-1.) Many of these objections are non-specific. For example, Defendants argue that "the entire instant matter was unlawfully filed by Plaintiffs." (ECF No. 81-1 at 7.) Defendants also object to the Magistrate Judge's finding that "Defendants have not established through clear and convincing proof that Plaintiff fraudulently induced them to enter into the Settlement Agreement," by writing only "Object . we have .[sic]." (*Id.* at 14.) Finally, Defendants object to the Magistrate Judge's characterization that "while Defendants appear *pro se* in this action, it appears that Defendants retained counsel to review and consult with them in connection with the Settlement Agreement. . . ." (*Id.* at 14-15.) Defendants now argue in seemingly contradictory fashion that they "did not 'retain counsel'" but nevertheless claim that their attorney "has no experience in these matter as he is a paten [sic] attorney." (*Id.*) Taken together, the Court finds no clear error and declines to separately address these and other non-specific objections. *See United States v. Penny Lane Partners, L.P.*, Civ. No. 06-1894, 2011 WL 550883, at *1 (D.N.J. Feb. 9, 2011) (declining to address non-specific objections to R&R); *Lane v. Tavares*, 2016 WL 7118162, at *5 (M.D. Pa. Dec. 7, 2016) (refusing to give *de novo* review to "bare and conclusory statements without any legal support or citation").

as "a totally unsubstantiated allegation").)  Because the Magistrate Judge simply included these facts to provide background, the Court overrules Defendants' objections.  *See Bedford v. Superintendent, SCI Retreat*, 2019 WL 4075938, at *2 (E.D. Pa. Aug. 29, 2019) (overruling an objection to the factual summary in an R&R where the allegedly omitted facts would not have changed the court's determination).

*Second,* Defendants object to the Magistrate Judge applying New Jersey law to the Motion to Enforce.  (ECF No. 81-1 at 12.)  Defendants argue that the Magistrate Judge should have instead looked to the SAFT or Unwind Agreement—neither of which Defendants are parties to—and applied Wyoming law.  The Settlement Agreement, which was the subject of the Motion to Enforce, provides that the agreement "SHALL BE CONSTRUED UNDER AND CONTROLLED BY THE LAWS OF THE STATE OF FLORIDA OR NEW JERSEY WITHOUT REGARD TO CHOICE OF LAW PRINCIPLES."  (ECF No. 18 at 9.)  Thus, the Magistrate Judge correctly applied New Jersey law to Plaintiff's Motion to Enforce and the objection is overruled.  *See Agnes ex rel. Agnes v. E.I. Du Pont De Nemours & Co.*, Civ. No. 98-1405, 2011 WL 1322043, at *5 (D.N.J. Mar. 31, 2011) (applying New Jersey law to settlement agreement and noting that "New Jersey law provides that 'where the terms of a contract are clear or unambiguous there is no room for interpretation or construction and courts must enforce those terms as written.'").

*Third*, Defendants object to the Magistrate Judge's finding that "Defendants knew of the Florida action and the FINRA complaint against Preissler as early as July 2022 . . . all well before entering into the Settlement Agreement on June 9, 2023."  According to Defendants, "the Cou[r]t conflate[s] knowing there was a[n] SEC complaint against Preissler [with] knowing there was one against the Defendant."  (ECF No. 81-1 at 7.)  However, the Magistrate Judge did not conflate the two, but instead found that "Defendants were aware that Plaintiff filed both the Florida action and

a FINRA complaint *arising out of the same allegations* at issue in the Complaint filed in New Jersey." (ECF No. 75 at 11 (emphasis added).) Defendants appear to concede they knew about the FINRA complaint, but do not point to anything beyond their argument that they were simply unaware that Defendant Tony DeRosa-Grund was mentioned in the complaint. The Court thus agrees with the Magistrate Judge that Defendants "have not pointed to clear evidence of a material misrepresentation or omission relating to the FINRA complaint in executing the Settlement Agreement." (*Id.* at 15.) Even now, Defendants have come forward with no such evidence.[7] The objection is therefore overruled.

*Fourth*, Defendants object to the Magistrate Judge's finding that "[o]ne unauthenticated and undated text message is insufficient to establish by clear and convincing evidence that Plaintiff unduly coerced Defendants into entering into the Settlement Agreement, particularly one that had been negotiated for months involving counsel representing Defendants' interests." (ECF No. 81 at 17-18.) Defendants argue that the text message was "not undated and unauthenticated as the meta data is there." (*Id.* at 18.) However, Defendants did not provide the text message's metadata for the Magistrate Judge to review, nor did they attempt to authenticate the text message thread. *See Crowley v. Kirkendoll Mgmt. LLC*, Civ. No. 20-6345, 2021 WL 6125179, at *5 n.6 (E.D. Pa. Dec. 27, 2021) (accepting text messages as authenticated where an individual submitted an affidavit "attesting to having downloaded them from his cell phone"). Likewise, Defendants have not provided a copy of the metadata to this Court. Therefore, Defendants' objection is overruled.

---

[7] As pointed out by the Magistrate Judge, the Settlement Agreement provided that each party assumed the risk that certain facts may have been untrue. (ECF No. 75 at 11.) Each party also represented they had the opportunity to consult with an attorney prior to signing the Settlement Agreement. (*Id.*)

Having considered Defendants' general and specific objections to the R&R, the Court concludes that the objections are without merit and thus adopts the R&R in full.

### B. Defendants' Motion to Vacate Dismissal Order and Settlement Agreement

For many of the same reasons that it will adopt the R&R and enforce the Settlement Agreement, the Court will deny Defendants' Motion to Vacate the Dismissal Order and Settlement Agreement. (ECF No. 105.) As with their objection to the R&R, most of Defendants' arguments in support of setting aside the Dismissal Order go directly to the merits of Plaintiff's initial Complaint. (*See, e.g.*, ECF No. 105 at 3 ("Plaintiffs knowingly made unsupported claims in their original complaint").) The remainder of Defendants' arguments are unpersuasive.

#### 1. *Rule 60(b)(2)*

Rule 60(b)(2) allows a court to relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Plaintiff contends that Defendants have not pointed to new evidence to qualify for relief under Rule 60(b)(2). The Court agrees.

To prevail on a motion under Rule 60(b)(2), the moving party must come forward with newly discovered evidence that is "[(1)] material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995). Defendants have not done so here.

Defendants, in moving for relief under Rule 60(b)(2), rely primarily on the SAFT and Unwind Agreement. Defendants contend that "[i]n federal court, it is the Plaintiff's responsibility to file the foundational documents necessary to support their claims." (ECF No. 95 at 6.) Defendants, however, rely on inapposite caselaw (*e.g.*, setting forth the summary judgment standard) in support of this proposition. (*Id.*) Plaintiff, of course, was under no such obligation to

11

file "foundational documents" to support its claims, just as Defendants were under no obligation to settle the case at its inception. *See* Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. . . .").

Setting aside whether Defendants can even enforce the SAFT or Unwind Agreement, which neither of them are parties to, the Court finds Defendants knew or should have known about both agreements prior to entering into the Settlement Agreement. Perhaps tellingly, Defendants do not describe how they learned about the SAFT and/or Unwind Agreements. In their Motion to Vacate, Defendants declare that "they acted within their legal rights by disclosing these documents *at strategic points*." (ECF No. 95 at 9-10.) Indeed, Defendant Tony DeRosa-Grund does not deny having knowledge of the agreements. (*See generally* ECF No. 95.) Defendant Sonja DeRosa-Grund denies knowing about either agreement or the underlying events giving rise to this action as "she does not participate in or discuss her husband's business with him." (*Id.* at 10.) The Court does not find that contention particularly persuasive, especially given that Sonja does not deny signing the Settlement Agreement. (*See* ECF No. 18.) Regardless, even if Sonja did not know about the SAFT or the Unwind Agreement before entering into the Settlement Agreement, she had the opportunity to litigate this case, including by raising any defenses and seeking discovery, and by declining to do so she did not act with reasonable diligence. *See Floorgraphics Inc.*, 434 F. App'x. at 113 (affirming district court's denial of Rule 60(b)(2) motion where the party seeking to set aside final judgment memorializing the parties' settlement agreement had the opportunity to compel compliance with discovery requests during the pendency of the case but failed to do so);

12

*Ross v. Nogan*, Civ. No. 19-6595, 2023 WL 166698, at *6 (D.N.J. Jan. 12, 2023), *aff'd sub nom.*, *Ross v. Adm'r E. Jersey State Prison*, 118 F.4th 553 (3d Cir. 2024) (denying Rule 60(b)(2) motion where document could have been located through the exercise of reasonable diligence).

### 2. Rule 60(b)(3)

Under Rule 60(b)(3), courts may relieve a party from a final judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail under Rule 60(b)(3), the moving party "must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing . . . and 'cannot serve as an attempt to relitigate the merits.'" *Mapp v. Bullock*, Civ. No. 20-1181, 2022 WL 611217, at *2 (D. Del. Jan. 21, 2022), *aff'd*, Civ. No. 22-1345, 2022 WL 16734513 (3d Cir. Nov. 7, 2022) (quoting *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) and *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)).

Plaintiff contends that Defendants' Rule 60(b)(3) Motion must be denied for several reasons, including because Defendants are simply trying to bring a motion to dismiss disguised as a fraud claim. (*See* ECF No. 98 at 19.) For the reasons discussed above, the Court agrees that Defendants are now seeking to litigate this case on the merits. To that end, Defendants have established no fraud or misconduct that would warrant the drastic remedy of setting aside the Dismissal Order and Settlement Agreement. *See MZM Constr. Co., Inc. v. N.J. Bldg. Laborers' Statewide Benefit Funds*, Civ. No. 18-16328, 2019 WL 3812889, at *10 (D.N.J. Aug. 14, 2019), *aff'd sub nom.*, *MZM Constr. Co., Inc. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386 (3d Cir. 2020) (finding no cause to grant "the extraordinary relief provided by Rule 60(b)"

where there was no proof of fraud or misconduct); *Gethers v. PNC Bank*, Civ. No. 15-1559, 2019 WL 2211117, at *8 (W.D. Pa. May 22, 2019), *aff'd*, 812 F. App'x. 64 (3d Cir. 2020) (denying Rule 60(b)(3) relief where a party produced an incomplete document as part of its initial disclosures).

Citing no legal authority, Defendants assert that "Plaintiffs were required to produce the foundational documents, including the SAFTs and Unwind Agreements, during their initial filing of their complaint." (ECF No. 105 at 11.) Where a party fails to produce relevant documents in response to a discovery request, Rule 60(b)(3) relief may be available only upon "consideration of the request propounded, . . . [the] response by one's adversary, and whether the moving party resorted to a motion to compel or a request for sanctions as permitted by the federal rules." *Floorgraphics Inc.*, 434 F. App'x. at 112. These factors assist courts in determining "whether a party was obligated to produce certain evidence during discovery and failed to do so." *Id.* But in this case, there can be no such consideration because Defendants entered into the Settlement Agreement before engaging in any discovery. (*See* ECF No. 18.)

For these reasons, Defendants' Rule 60(b) Motion is denied.

### C. Motion to Compel Arbitration

Finding that the parties here entered into a valid and enforceable settlement agreement, the Court denies Defendants' Motion to Compel Arbitration as moot. *See Stellar Grp. v. Pilgram's Pride Corp.*, 2007 WL 955293, at *7 (S.D. Miss. Mar. 28, 2007) (denying motion to compel arbitration as moot after granting motion to enforce settlement); *Payrolling.com Corp. v. WMBE Payrolling, Inc.*, 2013 WL 1187019, at *3 (S.D. Cal. Mar. 20, 2013) ("The Court's ruling on [the] [d]efendants' motion to enforce settlement renders moot [the] [d]efendants' alternative motion to compel arbitration.").

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, the R&R (ECF No. 75) is **ADOPTED** in full. Defendants' Motion to Vacate the Dismissal Order and Settlement Agreement (ECF No. 95) is **DENIED**. Defendants' Motion to Compel Arbitration (ECF No. 85) is **DENIED** as moot. An appropriate Order follows.

Dated: December 5, 2024

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**